UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TISHA HAMBERLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | No. 2:18-cv-01035-TLN-DB<br><br>**ORDER REQUIRING PHYSICAL EXAMINATION** |

        Plaintiff Tisha Hamberlin ("Plaintiff") brings this personal injury action after a slip and fall on the premises of a Target store in Rocklin, California. Plaintiff alleges the fall resulted in certain physical injuries, including injury to her right knee. Presently before the Court is Defendant Target Corporation's ("Defendant") Motion for Order Requiring a Physical Examination pursuant to Federal Rule of Civil Procedure 35. (ECF No. 22.) For the reasons discussed below, that motion is GRANTED.

        Under Rule 35(a)(1), a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an order may be made only on a noticed motion showing good cause therefor. Fed. R. Civ. Proc. 35(a)(2)(A). "[A] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 119

1

(1964). Here, it is clear that Plaintiff has placed her physical injury in controversy. Not only does the underlying complaint place Plaintiff's physical condition at issue, *see id.*, but the discovery conducted in this matter to date confirms that Plaintiff asserts her knee was injured when she fell, that she continues to suffer from knee pain, and that she had a pre-existing condition that may (or may not) factor into her claims and/or recovery in this case. (*See* Hamberlin Depo. Trans., ECF No. 22-3 at 5–15.) Additionally, upon review of Defendant's motion and the exhibits thereto, the Court finds Defendant's proposed physician, Dr. William Bargar, is a "suitably licensed or certified examiner." (*See* Curriculum Vitae of William Bargar, M.D., ECF No. 22-4 at 2–9.) Because Plaintiff's physical condition is at issue, the Court finds good cause to order the requested examination.

Indeed, Plaintiff notably does not dispute that her physical condition is in controversy, nor does she dispute that Dr. Bargar is a suitably licensed or certified examiner. (*See* ECF No. 23.) Rather, Plaintiff's Opposition rests on the argument that Rule 35 is permissive, not mandatory, and that the Court may therefore deny the requested order in its discretion. (ECF No. 23 at 4.) Plaintiff further argues the Court should deny the request because Defendant has been dilatory in securing the examination prior to the discovery cutoff. (ECF No. 23 at 4–6.) As Defendant notes, however, the Court already addressed these issues when it granted Defendant's *ex parte* application seeking an order extending the deadline for the subject Rule 35 examination. (*See* Minute Order, ECF No. 21.) Nonetheless, the Court will briefly address the purported delay, to the extent it is relevant to the Court's finding of good cause.

It appears the timeline of events is undisputed: The relevant discovery deadline was June 21, 2019. On or about June 7, 2019, counsel for Defendant requested a stipulation for physical examination to take place June 20 or 21. Plaintiff's counsel requested the name of the doctor who would perform the examination, and Defendant's counsel responded. On June 10, Plaintiff's counsel replied that Plaintiff was unavailable on the proposed days. After additional email exchanges and an in-person discussion, Plaintiff's counsel indicated in a June 12 email that he would not stipulate to an exam, and thereafter provided that Plaintiff would require a noticed

motion and order under Rule 35.[1]

While Defendant certainly could have started discussions regarding a possible stipulation to a physical examination before June 7, the Court does not find counsel's actions to be unreasonable. Even if the parties were unable to complete the examination before June 21, it is not unreasonable under the circumstances to think counsel could agree to a future date certain for the examination.[2] The fact that a timely stipulation could not be reached is not reason to now deny a motion to compel such an examination on its merits.

Accordingly, the Court finds good cause to order a physical examination of Plaintiff and the motion is therefore GRANTED. Under Rule 35 the Court's order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Plaintiff does not object to the specifics of the examination as set forth in Defendant's motion (ECF No. 22 at 1–2), and the Court finds them to be reasonable. Therefore, Plaintiff shall appear for a standard physical examination to be performed by Dr. William Bargar, on August 16, 2019, at 10:00 a.m., at the offices of MRK Medical Consultants, 6555 Coyle Avenue #235, Carmichael, California 95608. The examination will consist of all necessary and customary activities required to make a determination regarding the cause, nature, and extent of Plaintiff's alleged injuries to her right knee. This may include a history of the incident as it pertains to the alleged injuries, a history of the ailments relating to the claims of this lawsuit, and physical examination and evaluation. The examination will be recorded stenographically and by audio only. There will be no video recording. There will be no diagnostic test that is painful, protracted, or intrusive.

///

///

///

---

[1] Plaintiff now provides that counsel was not willing to stipulate without having more information about Dr. Bargar's qualifications. While this is certainly understandable, the Court notes that Plaintiff *now* has that information and yet no stipulation has been reached.

[2] Indeed, in light of the fact that physical examinations are routine in cases where the plaintiff places his or her physical injury in controversy, the Court is surprised that the parties could not find a resolution without court intervention.

IT IS SO ORDERED.

Dated: August 15, 2019

_____
Troy L. Nunley
United States District Judge